RECEIVED

FEB 14 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY | CIVIL ACTION NO. 12-828 |
| -vs- | JUDGE DRELL |
| OM PC, LLC, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by Plaintiff against Defendants Bharatbhai and Kavitaben Patel. The time limits for responding have run, but no opposition has been submitted. For the following reasons, the motion will be GRANTED.

I. **Background**

On April 4, 2012, Plaintiff filed a Complaint to collect amounts due under note, for recognition of multiple indebtedness mortgage and commercial security agreement, and to collect amounts due under unconditional guarantees from borrower OM PC, LLC and from personal sureties Bharatbhai Patel and Kavitaben Patel. (Doc. 1). The original principal amount of the note was $1,750,000 and the amount claimed as unpaid is $1,671,280.28. (Doc. 1). Plaintiff's claim also includes accrued interest to September 10, 2012 in the amount of $59,170.01 and late fees of $65,354.12 for a total claim of $1,795,804.41. (Doc. 18-1).

Plaintiff acquired the Note as amended by an Allonge executed by the Federal Deposit Insurance Corporation as Receiver for Temecula Valley Bank. (Doc. 1). The Allonge effected the endorsement of the Note by Receiver to Plaintiff, a Change in Terms Agreement dated November 28, 2009 between Plaintiff and Defendants, and a Change in Terms Agreement dated August 27, 2010 between Plaintiff and Defendants. (Doc. 1, Ex. 1-4).

The indebtedness as evidenced by the Note includes a multiple indebtedness mortgage dated March 29, 2007 executed by OM PC, LLC in favor of Temecula Valley Bank, its successors and assigns and any future holders of indebtedness. (Doc. 1). The mortgage was recorded on March 30, 2007 under File No. 1336384, Mortgage Book 2283, Page 365, in the official records of Rapides Parish Louisiana. (Doc. 1). The parties also executed a commercial security agreement dated March 29, 2007. (Doc. 1). The assignment to Plaintiff, dated August 9, 2010, was recorded on September 10, 2010 under File No. 1433387, Mortgage Book 2553, Page 204, in the official records of Rapides Parish. (Doc. 1-3, Ex. 6-8).

Pursuant to the mortgage, Borrower mortgaged, affected, and hypothecated, in favor of Plaintiff, the property located at 1146 MacArthur Drive Alexandria, Louisiana 71303. (Doc. 1). Borrower also executed a security interest in collateral including inventory, products, proceeds, and instruments. (Doc. 1).

To guarantee payment, Bharatbhai Patel and Kavitaben Patel each executed Unconditional Guarantees in favor of Plaintiff. (Doc. 1-3, Ex. 10-11).

Plaintiff claims Borrower is in default, because it failed to make monthly payments starting in August 2011. (Doc. 1). Plaintiff demanded payment from OM PC, LLC and the Patels by a demand letter dated October 26, 2011. (Doc. 1-3, Ex. 12). Plaintiff accelerated the indebtedness on January 13, 2012, and demanded payment from OM PC, LLC and the Patels for all amounts due. (Doc. 1-3, Ex. 13). Neither the Borrower nor the Patels have paid the amounts due. (Doc. 18-1). Additionally, on May 9, 2012, Borrower OM PC, LLC filed a voluntary petition for Chapter 11 bankruptcy. (Doc. 18-1. See also "Notice of Entry of Order for Relief and of Automatic Stay," Doc. 9).

In the current motion, Plaintiff requests summary judgment against Defendants Bharatbhai Patel and Kavitaben Patel as guarantors of the Note for $1,795,804.41 plus reasonable attorney's fees and a judgment upholding and enforcing the Patels' personal guarantee of the debts of OM PC, LLC. (Doc. 18).

## II. Law & Analysis

### A. Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the

motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

The present motion is unopposed, which prompts the Court to search for additional guidance.

> A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.

Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (internal citations omitted). In this District, Local Rule 56.2 gives added direction when summary judgment is unopposed: "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." Therefore, since there is no opposition to Defendants' motion, all facts in the statement of material facts are deemed as true for purposes of this Court's decision.

### B. Suretyship

"Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." La. Civ. Code art. 3035.

Bharatbhai Patel and Kavitaben Patel are bound to Plaintiff as sureties because of the signed the Unconditional Guarantees. (Doc. 18-1, Ex. 6, 7). The Patels admitted

to executing the Unconditional Guarantees in their Answer and did not assert any defenses. (Doc. 13). There is no legal requirement that Plaintiff must wait for the outcome of the bankruptcy to collect from the sureties. <u>Browning Seed, Inc. v. Bayles</u>, 812 F.2d 999, 1004 (5th Cir. 1987); <u>In re Tulane Hotel Investors Ltd. P'ship</u>, 82 B.R. 826, 828 (E.D. La. 1988).

Bharatbhai Patel and Kavitaben Patel are liable for the amount of $1,795,804.41 because of OM PC, LLC's failure provide timely payment. (Doc. 18-1). Under the Unconditional Guarantee, Bharatbhai Patel and Kavitaben Patel are also responsible for reimbursing Plaintiff for attorneys' fees and expenses incurred in this guarantee enforcement action. (Doc. 18-3, Ex. 6, 7). As the loan documents do not set forth a specific amount for attorneys' fees, Plaintiff is required to submit a separate motion, lodestar calculation, and documentation to the Court for a judicial determination of attorneys' fees and expenses.

### C. Conclusion

For the reasons detailed above, Plaintiff's Motion for Summary Judgment will be granted.

SIGNED on this 13th day of February, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT